# Exhibit A

## CIVIL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

Sandra Budnick,

        Plaintiff,

– against–

Scott & Associates, P.C., and Bank of America, N.A.,

        Defendant(s).

Index No.

**015020**

**SUMMONS**

The basis of the venue designated is Defendant Bank of America's Place of Business:
115 W 42nd St
New York, NY 10036

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of New York at the office of the Clerk of the said Court at 111 Centre Street, New York, New York 10013 in the County of New York, State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $10,000.00 with interest thereon from the 2nd day of December, 2022, together with the costs of this action.

Dated: December 2, 2022
Brooklyn, New York

                  **Law Offices of Stuart Werbin**

                  By: _____
                  Stuart D. Werbin, Esq.
                  1620 Avenue I, Suite 119
                  Brooklyn, NY 11230
                  Tel (646) 942-7464
                  Fax (347) 710-1015
                  werbinlaw@gmail.com
                  *Attorneys for Plaintiff*

NOTE: The laws or rules of court provide that:

(a) If this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

Defendants' Addresses:

Scott & Associates, P.C.
1120 Metrocrest Dr, Ste 100
Carrollton, TX 75006

Bank of America, N.A.
115 W 42nd St, New York, NY 10036

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| Sandra Budnick,<br><br>Plaintiff,<br><br>– against–<br><br>Scott & Associates, P.C., and Bank of America, N.A.,<br><br>Defendant(s). | Index No.: 015020/22<br><br>**VERIFIED COMPLAINT** |

Plaintiff SANDRA BUDNICK, by and through her attorneys, Law Offices of Stuart Werbin, complaining of the Defendants, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Sandra Budnick, is an adult residing in Spring, TX.

3. Defendant Scott & Associates, P.C. is a law firm regularly engaged in the business of collecting debts in this State with its principal place of business located at 1120 Metrocrest Dr, Ste 100, Carrollton, TX 75006. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant Bank of America, N.A. is located at 115 W 42nd St, New York, NY 10036.

5. Defendant Scott & Associates, P.C. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Scott & Associates, P.C. ("SCOTT") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Defendant Bank of America, N.A. ("BOA").

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendants SCOTT and BOA sent Plaintiff a settlement letter dated December 30, 2020.

10. In this letter, SCOTT and BOA stated that Plaintiff's debt was $11,794.66.

11. In this letter, SCOTT and BOA offered Plaintiff a settlement of $7,000.00, to be made in one monthly payment of $3,400.00, followed by 16 consecutive monthly payments of $225.00 each. The first payment was due on or before December 31, 2020, with the final payment being due on or before May 1, 2022.

12. Thus, SCOTT acknowledged in writing that it was BOA's agent and that SCOTT and BOA had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.

13. Plaintiff has attempted to make all of the required timely monthly payments, in accordance with the agreement.

14. However, SCOTT and BOA accepted and cashed only the first <u>three</u> of these payments.

15. Thereafter, SCOTT and BOA reneged on the agreement and refused to accept any further payments.

16. SCOTT and BOA reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

17. SCOTT's letter confirming the settlement was false, deceptive, and misleading, in violation of the FDCPA.

18. Defendant SCOTT knew or should have known that its actions violated the FDCPA. SCOTT could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

19. At all times pertinent hereto, Defendant SCOTT was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant SCOTT herein.

20. At all times pertinent hereto, the conduct of Defendant SCOTT, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

21. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 20 herein.

22. Defendants SCOTT and BOA entered into a written settlement agreement on Plaintiffs' BOA account in December 2020, in consideration of monthly payments which Plaintiff would be required to make.

23. Plaintiff has attempted to make all payments in accordance with the agreement.

24. However, SCOTT and BOA reneged on the agreement and, after accepting the first three payments, refused to accept any further payments.

25. SCOTT and BOA reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

26. As a result, Plaintiff has suffered monetary damages.

## SECOND CAUSE OF ACTION
(Fair Debt Collection Practices Act)

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 herein.

28. The above contacts between Defendant SCOTT and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. Defendant SCOTT violated provisions of the FDCPA, including, but not limited to, the following:

30. The FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

31. Defendant SCOTT is liable under § 1692e(10) for falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it intended to breach and did breach.

32. As a result of the above violations of the FDCPA, Defendant SCOTT is liable to Plaintiffs for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $10,000.00 be entered against Defendants as follows:

1) That judgment be entered against both Defendants for monetary damages accrued by Plaintiff as a result of their breach of contract;

2) That judgment be entered against Defendant SCOTT for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3) That judgment be entered against Defendant SCOTT for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5) That the Court grant such other and further relief as may be just and proper.

Dated: December 2, 2022
Brooklyn, New York

**Law Offices of Stuart Werbin**
By: _____
Stuart D. Werbin, Esq.
1620 Avenue I, Suite 119
Brooklyn, NY 11230

Tel (646) 942-7464
Fax (347) 710-1015
werbinlaw@gmail.com
*Attorneys for Plaintiff*

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF KINGS     )

I, STUART D. WERBIN, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am the principal attorney for the Law Offices of Stuart Werbin, attorneys for SANDRA BUDNICK, the plaintiff in the foregoing matter, with an office located at 1620 Avenue I, Suite 119, Brooklyn, NY 11230. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of plaintiff is because plaintiff is not within the County of Kings which is the county where the deponent has his office.

Dated: December 2, 2022
Brooklyn, New York

_____
STUART D. WERBIN, ESQ.